IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN PAUL and VICTOR GENERA, Individually and On Behalf of All Others Similarly Situated<br><br>PLAINTIFFS,<br><br>V.<br><br>HELIX ENERGY SOLUTIONS GROUP, INC. & HELIX WELL OPS INC.,<br><br>DEFENDANTS. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-00717<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Steven Paul ("Paul") and Plaintiff Victor Genera ("Genera"), on behalf of themselves and on behalf of all other Opt-in Plaintiffs (collectively "Plaintiffs") and Defendants Helix Energy Solutions Group, Inc. and Helix Well Ops, Inc. ("Helix" or "Defendants" and collectively with the Plaintiffs the "Parties") file this Joint Motion to Approve Settlement Agreement and respectfully show as follows:

**INTRODUCTION**

The Parties have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. The settlement was reached after several years of litigation. If approved, it will provide the Plaintiffs with substantial recovery of their alleged unpaid wages, even after payment of attorney's fees and costs.

## ARGUMENTS AND AUTHORITIES

**I.     The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

    **A.     *A Bona Fide Dispute Existed Between the Parties.***

If Plaintiffs' allegations were ultimately correct, then Helix would be faced with the prospect of a monetary judgment in favor of the Plaintiffs as well as an obligation to pay litigation fees and costs incurred by the Plaintiffs. If Helix's arguments were correct, then the Plaintiffs would not make a recovery or the recovery would be substantially less than what the Plaintiffs sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of its legal position on issues such as whether the Plaintiffs were properly classified as exempt from the overtime provisions of the FLSA and whether Plaintiffs would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

    **B.     *The Proposed Settlement Is Fair and Reasonable.***

The precise terms of the Settlement Agreement are filed under seal with the Court. The settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effects of (1) providing relief to the Plaintiffs and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The Settlement Agreement is also fair and reasonable because substantial obstacles exist if litigation continues, and the settlement provides immediate relief. The Parties disagree about the merits of the Plaintiffs' claims, the viability of Helix's defenses, and the proper calculation of damages. Without settlement, the Parties would have to engage in further litigation, including depositions of key management witnesses, and litigate the merits of the claims. The Settlement Agreement brings an immediate benefit to the Plaintiffs. The Settlement Agreement brings an immediate benefit to the Plaintiffs.

The FLSA allows for the payment of attorneys' fees to plaintiffs. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008). These fees and costs are justified as a matter of contract, but especially in this case where counsel worked on a contingency basis. In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Green-Johnson v. Fircroft*, et al., No. Civ. A. 4:12-cv-01307 (S.D. Tex., April 3, 2013); Doc. 50 (approving 40% contingency fee in FLSA collective action); *Covey, et al. v. Iron Cactus, et al.;* No. Civ. A. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (approving 40% contingency fee in FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. Civ. A. 1:12-cv-00243 (W.D. Tex., October 8, 2013); Doc. 71, (approving 40% contingency fee in FLSA collective action); *Karim v. Finch Shipping Co.*, Ltd. 233 F. Supp. 2d 807, 811 (E.D. LA 2002) (40% contingency fee approved). Here, each Plaintiff and Opt-in Plaintiff was aware of, and agreed to, the contingency fee nature of the relationship.

The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel. Plaintiffs entered into the Settlement Agreement voluntarily and knowingly, and understand fully that they are relinquishing their claims in this matter in

exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

**II.     The Parties Request the Confidentiality of the Settlement Agreement and Its Terms Be Maintained**

The Parties further agree that as a condition of settlement, the terms of the settlement will be kept confidential. *See, e.g., Ducote v. Tubular Solutions, Inc.*, No. 15-cv-02557, Dkt. No. 54 (S.D. Tex. Apr. 17, 2017) (granting motion for leave to file FLSA settlement agreement under seal); *Reynolds v. Intertek*, No. 3:14-cv-00138, Dkt. No. 48 (S.D. Tex. Apr. 11, 2016) (granting motion for leave to file FLSA settlement agreement under seal); *Lee v. Veolia ES Indus. Servs. Inc.*, No. 12-cv-00136, Dkt. No. 90 (E.D. Tex. Oct. 28, 2013) (granting motion for leave to file FLSA settlement agreement under seal); *Ray v. Tex. Home Health of Am., LP*, 9:12-CV-22, Dkt. No. 19 (E.D. Tex. May 31, 2012); *Kaminski v. BWW Sugar Land Partners, Ltd.*, 4:10-cv-551 (S.D. Tex. Oct. 26, 2011) (granting motion to file confidential settlement agreement under seal); *LaFan v. E+Healthcare LLC*, 4:08-cv-01002, Dkt. No. 64 (S.D. Tex. Oct. 16, 2009) (granting the parties' motion to seal the settlement agreement); *see also Maxwell v. G.R.A.C.E. Cmty. Servs.*, 4:09-cv-03989, Dkt. No. 55 (S.D. Tex. Nov. 19, 2012) (sealing record from the parties' settlement conference).

Accordingly, the Parties are filing the Settlement Agreement under seal as Exhibit A hereto. The Parties jointly request that the Court keep the terms of the Settlement Agreement and the Settlement Agreement itself confidential, and the Parties respectfully request that the Settlement Agreement not be included in the documents and papers publicly filed in this matter. Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

**CONCLUSION**

The Parties and their counsel agree that the Agreement is a reasonable compromise of the claims alleged by the Plaintiffs in light of the procedural posture of the case, the litigations risks, and the costs applicable to both sides. Because the Agreement is a reasonable compromise, the Parties seek entry of the enclosed Agreed Order of Approval.

Dated: October 17, 2023                                   Respectfully submitted,

| | |
|---|---|
| */s/ Ed Sullivan w/p Carter Crow* | */s/ Carter Crow* |
| Edwin Sullivan | M. Carter Crow |
| State Bar No. 24003024 | State Bar No. 05156500 |
| S.D. Tex. ID No. 24524 | S.D. Tex. I.D. No. 15048 |
| Mark J. Oberti | carter.crow@nortonrosefulbright.com |
| State Bar No. 00789951 | Kimberly F. Cheeseman |
| S.D. Texas ID No. 17918 | State Bar No. 24082809 |
| OBERTI SULLIVAN LLP | S.D. Tex. I.D. No. 2254668 |
| 712 Main Street, Suite 900 | kimberly.cheeseman@nortonrosefulbright.com |
| Houston, Texas 77002 | **Norton Rose Fulbright US LLP** |
| Telephone: (713) 401-3557 | Fulbright Tower |
| Fasmicile: (713) 401-3547 | 1301 McKinney, Suite 5100 |
| ed@osattorneys.com | Houston, TX 77010-3095 |
| mark@osattorneys.com | Telephone: (713) 651-5151 |
| | Facsimile: (713) 651-5246 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

    This pleading was served via CM/ECF on all counsel of record in compliance with the Federal Rules of Civil Procedure on October 17, 2023.

                                                */s/ Carter Crow*
                                                 M. Carter Crow